UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

D-2 HOWARD ERIC JACKSON,

    Defendant/Petition.

Case No. 14-20449

Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING DEFENDANT HOWARD JACKSON'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [114]**

Defendant Howard Jackson and his two co-defendants all pled guilty to participating in a drug conspiracy. As part of his plea deal, Jackson admitted to distributing cocaine in an amount that resulted in an agreed-upon sentencing guidelines range of 135–168 months. Under the deal, Jackson waived his right to a direct appeal if the sentence did not exceed 168 months. Jackson was sentenced to 135 months.

Although Jackson has no right to appeal, he did reserve a limited right to vacate his sentence under 28 U.S.C. § 2255. And Jackson has now invoked that right. Proceeding *pro se*, he claims "his counsel was ineffective for failing to advocate at sentencing that there was insufficient evidence to support" the quantity of cocaine that Jackson was being held responsible for. (R. 135, PID 775.) Jackson's argument has no merit. His Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

**I.**

Jackson's ex-wife, Tanika Jackson, worked at a bookstore in Madison Heights, Michigan where, from approximately July 2013 through May 2014, parcels containing cocaine were

shipped to her from Southern California. (R. 68, PID 214.) She gave the drugs to Jackson who further distributed them to others. (*Id*.; R. 71, PID 234.) Law enforcement began investigating Jackson and obtained UPS and Fed-Ex shipping labels for 14 parcels sent to the Jacksons. They seized one such parcel in May 2014. The parcel contained approximately 4.9 kilograms of powder cocaine and 27.5 grams of crack cocaine. (R. 87, PID 329.)

Both Tanika and Howard Jackson admitted that the total amount of (powder) cocaine they were involved in distributing exceeded 50 kilograms. (R. 68, PID 214; R. 71, PID 234.) Indeed, after waiving his Miranda rights, Jackson "described [for law enforcement] receiving approximately five (5) kilograms of cocaine on nearly a weekly basis from a California source for about the past two (2) years with the assistance of Tanika Jackson." (Presentence Investigation Report, ¶ 13; R. 87, PID 330.)[1]

The Government charged Jackson (along with his ex-wife and Jethro Powers, the distributer of the drugs) in a Superseding Indictment with conspiracy to possess with intent to distribute and distribute a controlled substance. (R. 37.) He was also charged with two additional drug counts and four gun counts. (*Id*.)

A few weeks before trial, but well after the plea cut-off date, the Court allowed Jackson to have a change-of-plea hearing pursuant to a Rule 11 Plea Agreement. The Plea Agreement provided that Jackson would plead guilty to the drug conspiracy count and the Government would agree to dismiss the remaining counts. (R. 71.)

---

[1] Jackson's motion to vacate attaches a new affidavit in which he denies ever making a statement to law enforcement. This statement is contradicted by the record – including Jackson's own sentencing memorandum (R. 87, PID 330) and the PSR (¶ 13), which he told the Court he had an opportunity to review and discuss with counsel (R. 113, PID 544). Jackson's unsupported claim does not warrant a hearing. *See Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008).

The parties agreed that, based primarily on the quantity of drugs involved, Jackson's sentencing guidelines range was 135–168 months, with a mandatory minimum of ten years. (R. 71, PID 232, 233, 235.) They further agreed that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment could not exceed the top of the guidelines range (168 months). (R. 71, PID 236.) And Jackson agreed to waive his right to appeal the sentence if it did not exceed 168 months. (R. 71, PID 239.)

During the change-of-plea hearing, the Court questioned Jackson pursuant to Federal Rule of Criminal Procedure 11. Jackson was advised of the charges against him and the essential elements of the offense, the consequences of pleading guilty, including the maximum and mandatory minimum prison terms, and the terms of the plea agreement. (R. 112.) The Court determined that Jackson was mentally competent to enter into a guilty plea, that his plea was knowing and voluntary, and that it was supported by an adequate factual basis. (*Id*.) Jackson had a disagreement with the amount of crack cocaine being attributed to him and the parties revised the Plea Agreement accordingly immediately before going on the record—they agreed to change the reference from 280 grams of crack cocaine to 28 grams. Pursuant to this revision, the agreed upon factual basis set forth in the Plea Agreement states as follows:

> In or about July 2013 and continuing through on or about May 7, 2014, in the Eastern District of Michigan, Southern Division, and elsewhere, Defendants Howard Eric Jackson and Tanika L. Jackson, together with others, knowingly and intentionally entered into an agreement to possess, with the intent to distribute, and distribute, a controlled substance, specifically, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, and [28] grams or more of a mixture and substance containing a detectable amount of cocaine base (crack cocaine).
>
> More particularly, prior to and during the period of July 2013 through May 7, 2014, Howard Jackson and Tanika Jackson agreed with others to, and did, on 14 or more occasions, receive and distribute quantities of cocaine in amounts just slightly under 5 kilograms and quantities of cocaine base in amounts just slightly under 28 grams, which were concealed in parcels shipped from locations in

3

> Southern California to locations in the Eastern District of Michigan, particularly including a bookstore in Madison Heights, Michigan, where Tanika Jackson sometimes worked and regularly, knowingly received the parcels containing cocaine and cocaine base. As a further part of the agreement, Tanika Jackson provided the parcels containing cocaine and cocaine base to Howard Jackson, who further distributed the controlled substances. *Cumulatively, during this roughly 10 month period alone, the amount of controlled substances Howard Jackson and Tanika Jackson agreed to, and did, receive, possess, and distribute well exceeded 50 kilograms of cocaine* and [28] grams of cocaine base (crack cocaine).

(R. 71, PID 234 (emphasis added).)

During the plea colloquy, Jackson advised the Court, under oath, that he had the opportunity to review this factual basis and that he agreed with it. (R. 112, PID 535–36.) The Court also specifically asked:

> And during the period, the July, 2013 through on or about May 7, 2014, did this agreement and possession and distribution exceed 50 kilograms of cocaine and 28 grams of cocaine base?
>
> THE DEFENDANT: Yes, Your Honor.

(R. 112, PID 535.)

The Court accepted Jackson's plea of guilty. (R. 112, PID 537.) At sentencing, the only objection raised to the Presentence Report involved the quantity of crack cocaine that Probation attributed to Jackson. There was no objection to the amount of powder cocaine. Jackson's position, similar to that taken at the change of plea hearing, was that he should only be held accountable for the amount of crack cocaine (27.5 grams) recovered from the one seized parcel. Unlike with the amount of powder cocaine, he was not acknowledging or admitting that the other 13 parcels contained a like amount of crack cocaine. As explained in Jackson's sentencing memorandum:

> The pre-sentence investigation report . . . includes 385 grams of cocaine base which presumes that 27.5 grams of cocaine base was included in each of 14 packages delivered to JACKSON consistent with the alleged conspiracy.

4

> Defendant objects to the inclusion of this amount into the guidelines. The Defendant did not state that each package he received included approximately 28 grams of cocaine base. Further there was only one package that was intercepted in which 27.5 grams was in fact discovered. There is absolutely no basis to assume that the other 13 packages for which a delivery record was obtained contained the same amount. That calculation is mere speculation with no evidentiary basis.

(R. 87, PID 330-31.) The Court confirmed with Jackson's counsel the distinction being made between cocaine base (crack cocaine) and (powder) cocaine:

> THE COURT: And so it would be that you agree that each parcel contained five, just slightly under five kilograms of cocaine, but not that each parcel also contained some amount of cocaine base?
>
> MR. MORRIS: Right.

(R. 113, PID 549.)

The Court did not need to rule on the objection. The amount of crack cocaine did not impact the calculation of the base offense level. Even if the amount of crack cocaine was, as Jackson asserted, 27.5 grams, the base offense level remained the same. (R. 113, PID 549-51.) The Court then calculated the same 135–168 guidelines range as the PSR and the parties' Rule 11 Plea Agreement and sentenced Jackson to the bottom of the range. (R. 113, PID 582.)

Under the plea agreement, Jackson waived his right to appeal the 135-month sentence. (R. 71, PID 239.) But he did not waive his right to bring a claim for ineffective assistance of counsel pursuant to 28 U.S.C. § 2255. (R. 112, PID 533.) And that is what he has done.

Jackson's argument is similar to the one he made at sentencing but focuses on the quantity of powder (as opposed to crack) cocaine: the evidence was insufficient with respect to the amount of powder cocaine and his counsel was ineffective for failing to object to the 50-kilogram quantity used to calculate the guidelines range. (R. 114.) Jackson requests that the Court "vacate the 135 month sentence and impose a sentence of 60 months imprisonment or a term that the Court concludes is fair and just." (R. 135, PID 788.)

## II.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). Ineffective assistance of counsel claims are an appropriate basis for relief under § 2255. *See United States v. Caver*, 470 F.3d 220, 250 (6th Cir. 2006). To establish ineffective assistance of counsel, Jackson must show (1) that counsel's performance was constitutionally deficient and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In the context of guilty pleas," a defendant satisfies the "prejudice" requirement only if "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59, (1985).

## III.

### A.

Before turning to the merits of Jackson's § 2255 motion, the Court briefly addresses two threshold issues.

The Government points out that Jackson's motion is an attempt to do an end run around his waiver of the right to appeal. The Court understands the basis for the Government's skepticism about the propriety of Jackson's strategy. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal."); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) ("Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). Even so, the better course in this case is to address the motion on the merits.

And it is proper to address the merits without a hearing. An evidentiary hearing on a motion to vacate is not required if the defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quotation omitted). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Here, the record contains numerous admissions, including from Jackson himself, that the conspiracy Jackson pled guilty to involved at least 50 kilograms of (powder) cocaine. There is no basis for a hearing or to grant the § 2255 motion.

**B.**

Jackson's motion raises one primary claim that he repeats several times. He contends that his lawyer was ineffective in failing to advocate at sentencing that there was no evidentiary basis to support the powder cocaine quantities being attributed to Jackson. (R. 114; R. 135.) The one UPS parcel the Government seized in May 2014 contained just under 5 kilograms of cocaine and 27.5 grams of crack cocaine. Although the Government also obtained other records from UPS and Fed-Ex for a portion of the conspiracy period that corroborated the shipment of 13 other parcels (PSR, ¶ 13), Jackson contends that without actually seizing the drugs, he should only be held accountable for the quantities contained in the one parcel. His lawyer made this argument with respect to the crack cocaine, but not the powder cocaine. This, Jackson says, constitutes ineffective assistance of counsel.

For counsel's performance to be deficient, his "representation must have fallen below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688; and there is a "strong presumption that counsel's representation is within the wide range of reasonable professional

7

assistance." *Id*. at 689. Jackson must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Jackson cannot make this showing.

His counsel did not object to the quantities of powder cocaine because Jackson and his wife admitted to them. Prior to being charged, Jackson told law enforcement that he received in excess of 50 kilograms of cocaine. (PSR, ¶ 13.) The factual basis to support Tanika Jackson's guilty plea states that the total amount of cocaine involved in the conspiracy exceeded 50 kilograms. (R. 68, PID 214.) The factual basis to support Howard Jackson's guilty plea likewise states that "the amount of controlled substances [the Jacksons] agreed to, and did receive, possess, and distribute well exceeded 50 kilograms of cocaine[.]" (R. 71, PID 234.) Jackson confirmed the accuracy of this factual basis at the change-of-plea hearing. (R. 112, PID 535-36.) And he told the Court, unequivocally, that "this agreement and possession and distribution exceed[ed] 50 kilograms of cocaine." (R. 112, PID 535.)

In short, the Court agrees with the Government that Jackson made "multiple oral and written admissions . . . acknowledging that the quantity of powder cocaine he possessed and distributed during the conspiracy was at least 50 kilograms." (R. 130, PID 727.)[2] Jackson did not make similar admissions regarding the quantity of crack cocaine. This difference adequately and reasonably explains his counsel's election to object to the quantity of crack cocaine, but not the powder cocaine. There is nothing deficient about that election. *See Krist v. Foltz*, 804 F.2d 944, 946 (6th Cir. 1986) ("An attorney is not required to present a baseless defense or to create one that does not exist"); *cf. Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) ("[A]ppellate counsel cannot be ineffective for a failure to raise an issue that lacks merit.").

---

[2] Jackson relies on U.S.S.G. § 6B1.4, but the Court finds nothing misleading about the amount of cocaine attributed to Jackson in the factual basis of his plea agreement.

As a final note, Jackson does not argue that he would not have pled guilty but for his counsel's failure to challenge the amount of powder cocaine. (R. 130, PID 130.) Instead, he wants the benefit of a plea bargain, but with a quantity of cocaine that eliminates the ten-year mandatory minimum. He has made no showing that the Government did make, or would have made, such an offer. So Jackson has not established prejudice either. *See Hill*, 474 U.S. at 58–59.

## IV.

For all of the reasons discussed, Howard Jackson's motion to vacate, set aside, or correct sentence (R. 114) is DENIED.

The Court further finds that reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller—El v. Cockrell*, 537 U.S. 322, 336 (2003). Jackson has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is DENIED.

Dated: January 16, 2018

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 16, 2018.

s/Keisha Jackson  
Case Manager