UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>D-2 HOWARD ERIC JACKSON,<br><br>  Defendant. | Case No. 14-20449<br><br>Honorable Laurie J. Michelson |

**ORDER DENYING DEFENDANT HOWARD JACKSON'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 2241 [152]**

Howard Jackson pled guilty to participating in a drug conspiracy and has tried time and again to challenge his sentence of 135 months imprisonment. (ECF No. 102.) The Court denied Jackson's post-judgment motion to vacate his sentence under 28 U.S.C. § 2255 (ECF No. 137), which was affirmed by the Court of Appeals on August 10, 2018. (ECF No. 141.) A few weeks letter, on August 23, 2018, Jackson filed a letter asking the Court "if at all possible, [to] reduce [his] sentence." (ECF No. 142.) The request was denied. (ECF No. 143.) Shortly thereafter, Jackson filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), seeking to have his sentence reduced to the statutory mandatory minimum of 120-months. (ECF No. 144). That too was denied. (ECF No. 148.) Running low on options, and perhaps hoping to avoid a bar on successive habeas petitions, Jackson now seeks a sentence reduction pursuant to 18 U.S.C § 2241.

Jackson has previously filed a habeas petition under 28 U.S.C. 2255. Second or successive motions are typically barred. *See* 28 U.S.C. § 2255(h). In certain circumstances, however, a defendant may look to the "savings clause" of 28 U.S.C. § 2255(e) for recourse:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Thus, where the remedy under § 2255 is "inadequate or ineffective," this provision allows a federal prisoner to "bring a claim challenging his conviction or imposition of sentence under § 2241." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam).

The Sixth Circuit has further explained that "[w]hen seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016). "Under this test, a prisoner must cite a new, retroactive decision and show that it 'could not have been invoked in the initial § 2255 motion[.]'" *Wright v. Spaulding*, 939 F.3d 695, 703 (6th Cir. 2019) (quoting *Hill*, 836 F.3d at 595).

Jackson makes no attempt to satisfy this test, nor does his situation involve any new law—or, for that matter, facts. According to the worksheets attached to their Rule 11 plea agreement, the parties anticipated a sentencing guidelines range that included a two-level enhancement for the possession of a dangerous firearm during a drug offense (a consent search of Jackson's bedroom recovered 2 firearms and some drugs and drug paraphernalia); the parties also anticipated no safety valve reduction because of the gun possession and Jackson's decision not to debrief. (ECF No. 71, PageID.242.) At sentencing, Jackson did not object to the firearm enhancement or the inapplicability of the safety valve. Now Jackson does object. But Jackson does not address the requirements of § 2241 or cite any legal support for its application in these circumstances.

Accordingly, Jackson's latest motion to reduce his sentence is DENIED.

IT IS SO ORDERED.

Dated: March 16, 2020

                                                  s/Laurie J. Michelson  
                                                 LAURIE J. MICHELSON  
                                                 UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 16, 2020.

                                                 s/Erica Karhoff  
                                                 Case Manager to the  
                                                 Honorable Laurie J. Michelson